# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case Nos.  1:13-cr-142 |
| | : | 1:14-cr-097 |
| vs. | : | |
| | : | Judge Timothy S. Black |
| SHANE BOWLIN, | : | |
| | : | |
| Defendant. | : | |

### ORDER DENYING DEFENDANT'S MOTION FOR
### REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2)

This criminal case is before the Court on Defendant's motion for a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2), as well as the Government's response in opposition.  *United States v. Shane E. Bowlin*, No. 1:13-cr-142 (S.D. Ohio, Dec. 20, 2013) (Docs. 23, 25); and *United States v. Shane E. Bowlin*, No. 1:14-cr-97 (S.D. Ohio, Sep. 15, 2015) (Docs. 11, 12).[1]

## I. BACKGROUND

On September 17, 2013, Defendant Shane Bowlin was charged in the Eastern District of Michigan with one count of bank robbery, in violation of 18 U.S.C. § 2113(a) and (d).  *United States v. Shane E. Bowlin*, No. 2:13-cr-20672 (E.D. Mich., Sep. 17,

---

[1] Defendant was charged in two separate cases before this Court, but the cases were resolved contemporaneously by way of a global plea agreement.  *See United States v. Shane E. Bowlin*, No. 1:13-cr-142 (S.D. Ohio, Dec. 20, 2013); *United States v. Shane E. Bowlin*, No. 1:14-cr-097 (S.D. Ohio, Sep. 15, 2014).  Accordingly, Defendant filed a copy of the instant motion in each case—appearing as Doc. 23 in the 2013 case and Doc. 11 in the 2014 case.  Similarly, the Government's response is filed in both cases, as Docs. 25 and 12.  The Court also communicated with the parties via email and, on June 24, 2025, received confirmation from the defense that there would be no further filings and that the Court may deem the motion ripe for decision.

2013). On December 20, 2013, Defendant consented to transfer the case to the Southern District of Ohio for plea and sentencing, pursuant to Fed. R. Crim. P. 20(a). *United States v. Shane E. Bowlin*, No. 1:13-cr-142 (S.D. Ohio, Dec. 20, 2013).

On September 15, 2014, in a separate case filed in the Southern District of Ohio, Defendant was charged by way of a Supplemental Information, with the following additional offenses: attempted bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) (Count 1); bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) (Counts 2 and 3); and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4), (b)(2) (Count 4). *United States v. Shane E. Bowlin*, No. 1:14-cr-97 (S.D. Ohio, Sep. 15, 2014).

And, notably, Defendant was also on supervised release to this Court at the time. Specifically, on September 3, 2003, the Honorable S. Arthur Spiegel sentenced Defendant to serve an aggregate term of 114 months imprisonment and five years of supervised release for: armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) (Count 1); and use of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 2). *United States v. Shane E. Bowlin*, No. 1:02-cr-68 (S.D. Ohio, Sep. 3, 2003). Defendant completed his custodial sentence and was released from the Bureau of Prisons ("BOP") on August 31, 2010, at which time he commenced supervision. (PSR, ¶ 122 at 19). However, on October 23, 2010, less than two months after his release, Defendant was arrested in Kentucky—having traveled out of the judicial district without permission—while he was (according to his own admission) "casing" banks that he intended to rob. (*Id.*, ¶¶ 122-123 at 19-20). Moreover, at the time of his arrest, Defendant had an alarming array of items in his possession, including a stolen

2

license plate, a Halloween mask, latex gloves, duct tape, a butcher's knife, and cleaning supplies. (*Id.*, ¶ 122 at 19). Defendant was convicted in Kentucky state court of receiving stolen property, while charges of failure to signal and theft of motor vehicle registration plates were dismissed. (*Id.*) And, on January 13, 2011, Judge Spiegel revoked Defendant's supervised release and sentenced him to nine months imprisonment, followed by three years of supervised release. *Bowlin*, No. 1:02-cr-68 (Doc. 58). It was during this three year term of supervised release that Defendant committed the bank robbery and child pornography offenses charged in Case Nos. 1:13-cr-142 and 1:14-cr-97, thereby incurring yet another supervised release violation.

On September 15, 2014, Defendant appeared before this Court and entered pleas of guilty to all charges in his two cases—*i.e.*, three counts of bank robbery and one count of attempted bank robbery, all in violation of 18 U.S.C. § 2113(a) and (d), as well as one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4), (b)(2). *Bowlin*, Nos. 1:13-cr-142 & 1:14-cr-97 (Min. Entry, Sept. 15, 2014). And Defendant entered his pleas pursuant to a global Rule 11(c)(1)(C) plea agreement, in which the parties agreed to a sentence of 195 months imprisonment, followed by five years of supervised release. *Bowlin*, No. 1:13-cr-142 (Doc. 16); No. 1:14-cr-97 (Doc. 4). Additionally, the Government agreed to recommend that, at the time of sentencing, this Court contemporaneously adjudicate the revocation proceedings in Case No. 1:02-cr-68 and that any revocation sentence imposed run concurrent to the 195 months. *Bowlin*, No. 1:13-cr-142 (Doc. 16 at ¶ 10); No. 1:14-cr-97 (Doc. 4 at ¶ 10).

Defendant's Final PSR was completed on December 1, 2014, and all three cases proceeded to sentencing and revocation on January 12, 2015.  (PSR at 2); *Bowlin*, No. 1:02-cr-68 (Doc. 87); No. 1:13-cr-142 (Doc. 21); No. 1:14-cr-97 (Doc. 9).

As stated in the PSR and ultimately calculated by the Court, Defendant's offense conduct for the 2013 and 2014 cases resulted in a Total Offense Level of 33, a Criminal History Category IV, and a Guideline Range of 188 to 235 months imprisonment.  (PSR at 37).  Notably, at the time, Defendant received a sub-total criminal history score of five, plus a two-point add-on for committing the offenses of conviction while under a criminal justice sentence; resulting in a total score of seven, which score placed Defendant in Criminal History Category IV.  (PSR at ¶¶ 127-129).

Ultimately, this Court accepted the parties' proposed Rule 11(c)(1)(C) plea agreement and, accordingly, sentenced Defendant to 195 months imprisonment, followed by three years of supervision for the 2013 and 2014 cases. *Bowlin*, No. 1:13-cr-142 (Doc. 21); No. 1:14-cr-97 (Doc. 9).  Additionally, this Court revoked Defendant's supervised release and sentenced him to a term of 24 months for the violations, which sentence the Court ran concurrent to the 195 months, per the recommendations contained in the global plea agreement. *Bowlin*, No. 1:02-cr-68 (Doc. 87).

Defendant now moves for a reduction of his sentence from 195 months to 174 months, based on the retroactive application of Guideline Amendment 821. *Bowlin*, No. 1:13-cr-142 (Doc. 23); No. 1:14-cr-97 (Doc. 11).  The Government opposes, arguing that a sentencing reduction is unwarranted upon consideration of the 18 U.S.C. § 3553(a) sentencing factors. *Bowlin*, No. 1:13-cr-142 (Doc. 25); No. 1:14-cr-97 (Doc. 12*)*.

4

## II. STANDARD OF REVIEW

Pursuant to 18 U.S.C. § 3582(c)(2), the Court may reduce a previously imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission …." Before granting such a reduction, the Court must consider the applicable 18 U.S.C. § 3553(a) factors and must ensure that the reduction is consistent with the Sentencing Commission's relevant policy statements. 18 U.S.C. § 3582(c)(2).

## III. ANALYSIS

Defendant moves the Court to reduce his sentence from 195 months to 174 months, noting that he qualifies for a lower Guideline range pursuant to the retroactive application of Amendment 821 of the United States Sentencing Guidelines. *Bowlin*, No. 1:13-cr-142 (Doc. 23); No. 1:14-cr-97 (Doc. 11). Defendant also argues that a reduction in his sentence is warranted due to his post-sentencing participation in educational, rehabilitative, and vocational training courses. (*Id.*) Notably, the Government does not dispute that Defendant qualifies for a reduced Guideline *range* under Amendment 821, but argues that a reduced <u>sentence</u> is unwarranted upon consideration of the 18 U.S.C. § 3553(a) factors. *Bowlin*, No. 1:13-cr-142 (Doc. 25); No. 1:14-cr-97 (Doc. 12).

Amendment 821, Part A ("821-A") of the Sentencing Guidelines "amended §4A1.1 (Criminal History Category) to limit the overall criminal history impact of 'status points' (*i.e.*, the additional criminal history points given to defendants for the fact of having committed the instant offense while under a criminal justice sentence …)." U.S. Sent'g Comm'n, Guidelines Manual § 1B1.10, comment. (n.7) (Nov. 2023).

5

Specifically, prior to November 2023, including at the time of Defendant's sentencing, the Sentencing Guidelines instructed the Court to "[a]dd 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release or escape status."  USSG § 4A1.1(d) (Nov. 2014).  However, after 821-A took effect in November 2023, the Guidelines were amended and now instruct the Court as follows: "<u>Add 1 point</u> if the defendant (1) <u>receives 7 or more [criminal history] points</u> …, ***and*** (2) committed the instant offense while under any criminal justice sentence, including probation …."  USSG § 4A1.1(e) (Nov. 2023) (emphasis added).  Moreover, the Sentencing Commission made 821-A applicable retroactively, thereby allowing qualifying defendants to seek a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2).  USSG § 1B1.10, p.s.

Here, at the time of sentencing, Defendant received a sub-total of five criminal history points.  However, as Defendant committed the offenses of conviction while under a criminal justice sentence (*i.e.*, while on supervised release to this Court from his 2002 case), he also qualified for and received an additional two-point increase, pursuant to § 4A1.1(d) of the 2014 Guidelines Manual.  (PSR at ¶¶ 127-129); USSG § 4A1.1(d) (Nov. 2014).  As a result, Defendant received a total criminal history score of seven, placing him in Criminal History Category IV.  Based on a Total Offense Level 33, a Criminal History Category IV resulted in a Guideline range of 188 to 235 months.  (PSR at 37).  And Defendant's global Rule 11(c)(1)(C) plea agreement, which agreement this Court accepted and abided by, proposed a sentence of 195 months, *i.e.*, roughly 15% above the low-end of Defendant's Guideline range for the 2013 and 2014 cases.

6

Under the amended Guidelines, the Court agrees that Defendant no longer qualifies for the two-point criminal history score increase, given that the increase is now applicable only if, as an initial matter, a defendant receives a sub-total of at least seven criminal history points. Because Defendant does not meet this criteria, the fact that he was otherwise under a criminal justice sentence carries no penalty.

Accordingly, Defendant receives an amended criminal history score of five, placing him in Criminal History III (as opposed to IV) and, in turn, his Guideline range is reduced to 168 to 210 months (as opposed to 188 to 235 months). USSG, Ch. 5, Pt. A. Nevertheless, the Court finds that a corresponding sentencing reduction is wholly unwarranted.

To start, Defendant's 195-month sentence still remains within his reduced Guideline range. Moreover, it bears noting that the global plea agreement's 195-month recommendation not only resolved the 2013 and 2014 cases, but also effectively incorporated Defendant's supervised release revocation. That is, absent the global plea agreement's recommendation for a *concurrent* revocation sentence, Defendant's revocation alone could have exposed him to a <u>consecutive</u> sentence up to the 60-month statutory maximum (less his prior revocation) and a Guideline range of 24-30 months of imprisonment. *See* 18 U.S.C. § 3583(e)(3); USSG §§ 7B1.3(f), 7B1.4.[2]

---

[2] The commission of the 2013 bank robbery offense—for which the statutory maximum was twenty-five years imprisonment—constitutes a Grade A violation of Defendant's supervised release. *See* USSG § 7B1.1(a)(1). And Defendant's supervised release was originally imposed for a Class A felony, *i.e.*, his 2002 offense of using of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Thus, his revocation range under the Guidelines would have been 24 to 30 months. USSG § 7B1.4.

Additionally, despite the significance of 195 months of imprisonment, the sentence was a measured and reasonable outcome for a Defendant who committed a spree of bank robberies across three states, possessed a cache of child pornography, was on federal supervision at the time, has a history violent and disturbing conduct, and has shown this Court virtually nothing other than a flagrant disregard for the law. It further bears noting that even a significant sentence has historically proved insufficient to deter Defendant. As a reminder, Defendant received a 114-month sentence for his 2002 bank robbery and use of a firearm. Yet it took him less than eight weeks to commit a new offense, plan more bank robberies, and amass a carload of frankly nightmare-inducing criminal tools.

Additionally, while the Court acknowledges that Defendant is participating in a variety of educational and rehabilitative programs, this Court expects nothing less of him (or any other defendant) while incarcerated. And, notably, beyond his participation in these programs, records from the BOP indicate that Defendant continues to violate the rules and engage in problematic conduct. Indeed, as recently as November 2024, *i.e.*, less than seven months before filing the instant motion, Defendant was sanctioned for possessing a dangerous weapon. *Bowlin*, No. 1:13-cr-142 (Doc. 23-1 at 32); No. 1:14-cr-97 (Doc. 11-1 at 32). In May 2024, Defendant was sanctioned for getting into a "hostile physical altercation" with another inmate. (*Id*. at 34). In February 2024 alone, Defendant was twice sanctioned for using controlled substances. (*Id*. at 36, 37). In short, while incarcerated, Defendant has been sanctioned over a dozen times for all number of violations, including, *inter alia*, possessing contraband, refusing work detail, drug use,

8

refusing drug testing, possessing stolen property, disorderly conduct, and even attempting to scale the prison walls to escape. (*Id*. at 32-48).

Thus, despite the reduced Guideline range, nothing has fundamentally changed from the Court's initial assessment. The sentence of 195 months remains within the reduced Guideline range, and it is the sentence the parties specifically agreed was an appropriate outcome. Moreover, upon consideration of the 18 U.S.C. § 3553(a) sentencing factors, the Court continues to find that 195 months is sufficient, but not greater than necessary.

In sum, at the time of sentencing, this Court, upon consideration of the relevant 18 U.S.C. § 3553(a) factors, determined that the parties' proposed sentence of an aggregate term of 195 months was appropriate. For purposes of Defendant's motion, this Court has again considered the applicable 18 U.S.C. § 3553(a) factors and, having done so, finds that the imposed sentence remains appropriate. Indeed, the Court finds that the imposed sentence of 195 months imprisonment is sufficient but not greater than necessary, and further finds that granting a reduction would undermine the purposes of sentencing.

## IV. CONCLUSION

Based upon the foregoing, Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**. *Bowlin*, No. 1:13-cr-142 (Doc. 23); No. 1:14-cr-97 (Doc. 11).

**IT IS SO ORDERED.**

Date: 6/24/2025

Timothy S. Black
United States District Judge

9